C23−1622 AMO

**PlnDue, DsclsDue, APPEAL**

# U.S. Bankruptcy Court
## California Northern Bankruptcy Court (Santa Rosa)
### Bankruptcy Petition #: 22−10381

*Assigned to:* Judge Charles Novack
Chapter 11
Voluntary
Asset

*Date filed:* 09/29/2022
*341 meeting:* 11/04/2022
*Deadline for filing claims:* 02/02/2023

*Debtor*
**Spring Mountain Vineyard Inc.**
2805 Spring Mountain Road
St. Helena, CA 94574
NAPA−CA
Tax ID / EIN: 36−3844911

represented by **Steve Burnell**
Greenspoon Marder, PA
333 South Grand Avenue
Suite 3400
Los Angeles, CA 90071
213−626−2311
Fax : 954−771−9264
Email: steve.burnell@gmlaw.com

**Mark S Horoupian**
Greenspoon Marder LLP
333 South Grand Avenue
Suite 3400
Los Angeles, CA 90071
213−626−2311
Fax : 954−771−9264
Email: mark.horoupian@gmlaw.com

**Victor A. Sahn**
Greenspoon Marder LLP
333 South Grand Avenue
Suite 3400
Los Angeles, CA 90071
213−626−2311
Fax : 954−771−9264
Email: victor.sahn@gmlaw.com

**Steven F. Werth**
Greenspoon Marder, LLP
333 S. Grand Avenue
Suite 3400
Los Angeles, CA 90071
213−626−2311
Fax : 954−771−9264
Email: steven.werth@gmlaw.com

*Responsible Ind*
**Kevin A. Krakora**
Getzler Henrich & Associates LLC
150 S. Wacker Drive, 24th Floor
Chicago, IL 60606
312−283−8071

*Trustee*
**Not Assigned − SR**

*U.S. Trustee*
**Office of the U.S. Trustee / SR**
Office of the United States Trustee
Phillip J. Burton Federal Building
450 Golden Gate Ave. 5th Fl., #05−0153
San Francisco, CA 94102

represented by **Trevor R Fehr**
Office of the U.S. Trustee
450 Golden Gate Avenue
Suite 05−0153
San Francisco, CA 94102
415−705−3333
Fax : 415−705−3379
Email: Trevor.Fehr@usdoj.gov

**Trevor Ross Fehr**
Office of the U.S. Trustee
280 S 1st St. #268
San Jose, CA 95113
(408) 535−5525
Email: trevor.fehr@usdoj.gov

**Elvina Rofael**
DOJ−Ust
450 Golden Gate Avenue
Ste 05−0153
San Francisco, CA 94102
202−934−4062
Email: elvina.rofael@usdoj.gov

**Phillip John Shine**
DOJ−Ust
280 South First St.
Suite 268
San Jose, CA 95113
408−535−5525
Fax : 408−535−5532
Email: phillip.shine@usdoj.gov
*TERMINATED: 11/09/2022*

| Filing Date | # | Docket Text |
|---|---|---|
| 03/20/2023 | 273 | Order Denying Motion for Relief From The Automatic Stay (Related Doc # 229) (rba) (Entered: 03/20/2023) |

Entered on Docket
March 20, 2023
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



The following constitutes the order of the Court.
Signed: March 20, 2023

_____
Charles Novack
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

In re:

SPRING MOUNTAIN VINEYARD, INC.,

Debtor.

Case No. 22-10381 CN
Chapter 11

**ORDER DENYING MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

On March 1, 2023, the court conducted a hearing on Mt. Hawley Insurance Company's motion for relief from the automatic stay to allow it to proceed with litigation against debtor Spring Mountain Vineyard, Inc. ("Spring Mountain") that is pending in the District Court for the Southern District of New York (the "Motion"). All appearances were stated on the record. For the reasons stated below, the Motion is denied.[1]

Spring Mountain, like many other Napa County property owners, was significantly damaged by the 2020 Glass Fire that burned through the North Bay and it submitted claims for those damages to its primary and excess insurance carriers. Mt. Hawley is one of those excess insurance carriers. Mt. Hawley's insurance policy contains a forum selection clause which requires that any litigation regarding the policy be brought in New York (the "forum selection clause").

Spring Mountain's excess insurance carriers question the extent of Spring Mountain's damages and thus dispute whether they need to pay (in whole or in part) on

---

[1] The March 1st hearing was the first substantive hearing on the Motion. Pursuant to Bankruptcy Code § 362(e)(1), the court is also treating it as a final hearing on the matter.

their policies.[2] To resolve this dispute – and notwithstanding the forum selection clause in the Mt. Hawley policy – Spring Mountain sued its six excess insurance carriers, including Mt. Hawley, in Napa County Superior Court for declaratory relief, breach of contract and breach of the covenant of good faith and fair dealing (the "Napa County Action"). Spring Mountain commenced the Napa County Action on March 11, 2022.

In turn, Mt. Hawley sued Spring Mountain in the District Court for the Southern District of New York (the "SDNY Action"). Mt. Hawley commenced the SDNY Action on April 19, 2022, and its initial complaint alleged declaratory relief, recission, and breach of contract claims for relief.

The Napa County and SDNY Actions have been aggressively litigated.[3] Spring Mountain answered the SDNY Action complaint and filed (in July 2022) a motion to dismiss or abstain the SDNY Action due to the first filed Napa County Action. Mt. Hawley responded by amending the SDNY Action complaint on August 16, 2022 to include an additional request for declaratory relief and a claim that the Napa County Action breached the forum selection clause, entitling it to damages.[4] For reasons that are fully explained by the parties in their relief from stay pleadings, Mt. Hawley's newly asserted breach of contract claim mooted Spring Mountain's abstention motion, and the Southern District of New York denied it without prejudice on August 17th. The Southern District of New York

---

[2] Spring Mountain's primary insurance carriers have paid their collective policy limits. Spring Mountain has several excess layers of property damage coverage. The first tier carriers disbursed some funds but rejected Spring Mountain's request for their full policy limits. The carriers in the second, third and fourth tiers have followed suit. Mt. Hawley is in the second tier of excess coverage.

[3] The parties' relief from stay pleadings fully describe the Napa County and SDNY Actions' many strategic twists and turns. This court need not discuss each of them, but the text of this order is meant to convey, if nothing else, that all of the parties in the Napa County and SDNY Actions have zealously litigated their claims and defenses.

[4] Mt. Hawley's first amended complaint contains 1) a breach of contract claim for violation of its forum selection clause; 2) a request for rescission based on Spring Mountain's allegations in the Napa County Action that it never agreed to the forum selection clause; and 3) three declaratory relief claims regarding the availability of coverage under its insurance policy.

- 2 -

thereafter issued a discovery order which set discovery deadlines. Spring Mountain's September 30, 2022 Chapter 11 filing stayed the SDNY Action.

The Napa County Action is not subject to the automatic stay and it has proceeded apace. Mt. Hawley initially made a limited appearance and moved to dismiss or stay the Napa County Action because of its alleged violation of the forum selection clause. Spring Mountain opposed the motion – and for reasons fully discussed by the parties in their relief from stay pleadings – the Napa County court denied the motion by order dated August 18, 2022. Undaunted, Mt. Hawley filed a petition for writ of mandate with the California Court of Appeals contesting the merits of the August 18th order and seeking a stay of the Napa County Action. The Court of Appeal denied these requests, as did the California Supreme Court. Mt. Hawley and its fellow second, third and fourth tier excess carriers thereafter demurred to Spring Mountain's breach of contract and breach of the covenant of good faith and fair dealing causes of action on the ground that they were premature (since Spring Mountain had yet to exhaust its first tier, excess coverage). The court granted their demurs, leaving Spring Mountain with two declaratory relief causes of action against the excess carrier defendants (these causes of action seek declarations regarding the excess carriers' obligation to cover the Glass Fire losses).[5] Two of the excess insurance carriers have since answered Spring Mountain's (now second amended) complaint, and the parties are presumably waiting for Mt. Hawley's (and the remaining excess carriers') responsive pleadings. Moreover, Mt. Hawley has filed a $388,371.52 unsecured proof of claim in this Chapter 11 case for its damages allegedly arising from the violation of the forum selection clause. Spring Mountain has not objected to its proof of claim.

The following is apparent to this court: the excess insurance carriers are named defendants in the Napa County Action and the Napa County court has jurisdiction over them, including Mt. Hawley; the Napa County court refused to dismiss or stay Spring

---

[5] The Napa County Action also contains negligence, negligent misrepresentation, and breach of fiduciary causes of action against Spring Mountain's insurance advisors and brokers.

- 3 -

1  Mountain's claims against Mt. Hawley because of the forum selection clause and this court
2  cannot question the soundness of its order[6]; Mt. Hawley may, if it chooses, answer and file
3  any appropriate counter and cross-claim (including its contract breach claim stemming
4  from the forum selection clause) in the Napa County Action; Mt. Hawley is the only excess
5  carrier that is a named party in the SDNY Action and its declaratory relief claim addresses
6  the same critical issues at the heart of Spring Mountain's request for declaratory relief (*i.e.*,
7  the amount of the Glass Fire damages and the extent to which Spring Mountain may look
8  to its excess carriers for coverage); proceeding on parallel litigation tracks may result in
9  duplicative discovery and inconsistent judgments; and that litigating in both venues will be
10 expensive.

11 It is axiomatic that the automatic stay created by Spring Mountain's Chapter 11
12 bankruptcy filing enjoined only the SDNY Action. *See* Bankruptcy Code § 362(a)(1). Mt.
13 Hawley argues that "cause" exists under Bankruptcy Code § 362(d)(1) to lift the stay and
14 allow it to proceed with the SDNY Action. Cause is not defined by the Bankruptcy Code
15 and it is determined on a case-by-case basis. *In re Tucson Estates, Inc.*, 912 F.2d 1162,
16 1167 (9th Cir. 1990) (citing *Mac Donald v. Mac Donald (In re Mac Donald)*, 755 F.2d
17 715, 717 (9th Cir. 1985)). A legitimate consideration when considering "cause" is a request
18 to complete an ongoing action in another tribunal. *First Fed. Bank v. Robbins (In re*
19 *Robbins)*, 310 B.R. 626, 629-30 (9th Cir. B.A.P. 2004).

20 Notwithstanding its request for relief from stay, Mt. Hawley repeatedly states that
21 this court should "abstain" and allow it to proceed in New York. While the abstention
22 doctrine and the factors used to find cause under § 362(d)(1) frequently overlap, they are
23 distinctly different forms of relief governed by different federal code sections. *See* 11
24 U.S.C. § 305; 28 U.S.C.§ 1334. A request to abstain typically is raised when a bankruptcy
25 court is requested to resolve a dispute (for example, a claim objection or adversary

---

[6] In deciding a stay relief motion, the court generally does not consider or attempt to resolve the underlying merits of the claims against the debtor. *In re Robbins*, 310 B.R. 626, 631 (9th Cir. B.A.P. 2004).

- 4 -

proceeding) the legal merits of which are also pending in a different forum. *See In re Tucson Estates, Inc.*, 912 F.2d 1162 (9th Cir. 1990). A bankruptcy court may abstain from hearing the contested matter or adversary proceeding to allow its sister court to resolve the issue, and it will grant relief from the automatic stay when the debtor is a defendant in that proceeding to give teeth to its abstention order.

There is no substantive dispute between Spring Mountain and Mt. Hawley pending in this court. For the moment, Mt. Hawley has an allowed claim in this Chapter 11 (*see* Bankruptcy Code § 502(a)), and while Spring Mountain may decide to object to this claim at some later point, this court will not speculate regarding its intentions. While Mt. Hawley argues that this objection is forthcoming and will require, under *Stern v. Marshall*[7] an Article III judge's attention (which Mt. Hawley contends will be one sitting in the Southern District of New York), the court will address this issue when ripe. For today, this court will focus on whether "cause" exists.

Many courts consider the twelve factors listed in *In re Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984) to determine whether cause exists to lift the stay and allow pending litigation against a debtor to proceed in a non-bankruptcy forum. *See e.g.*, *In re Roger*, 539 B.R. 837, 844 (C.D. Cal. 2015) (considering the *Curtis* factors); *see also Kronemyer v. Am. Contrs. Indem. Co. (In re Kronemyer)*, 405 B.R. 915, 921 (9th Cir. B.A.P. 2009) (agreeing that the *Curtis* factors "are appropriate, nonexclusive factors to consider in deciding whether to grant relief from the automatic stay"). These factors are: 1) whether grant of relief will result in partial or complete resolution of issues; 2) whether there is lack of any connection or interference with the bankruptcy case; 3) whether the debtor is a fiduciary in the foreign proceeding; 4) whether a specialized tribunal has been established to hear the cause of action; 5) whether debtor's insurer has assumed full financial responsibility for defending the litigation; 6) whether the foreign proceeding essentially involves third parties, and the debtor functions only as a bailee or conduit; 7) whether litigation in another

---

[7] 564 U.S. 462, 131 S. Ct. 2594 (2011).

- 5 -

1  forum would prejudice the interests of other creditors; 8) whether a foreign judgment would
2  be subject to equitable subordination; 9) whether the movant's success in the foreign
3  proceeding would result in an avoidable judicial lien; 10) the interests of judicial economy;
4  11) whether the foreign proceeding is read for trial; and 12) the impact the stay has on the
5  parties and the balance of hurt. *In re Curtis*, 40 B.R. at 799–800. No individual factor is
6  dispositive, not all are relevant to each dispute, and these factors should be considered as
7  guideposts. *Id*. at 799.[8] Here, this court must assess the judicial efficiencies of compelling
8  the parties to litigate overlapping issues in two non-bankruptcy forums.

9   The *Curtis* factors mandate the Motion's denial. Spring Mountain asserts that its
10 Glass Fire damages exceed the policy limits of its excess coverage. The Napa County court
11 a) has jurisdiction over all of the excess carriers, b) is presumably no stranger to insurance
12 disputes, and c) is the only forum which may provide a complete resolution of this dispute.
13 Mt. Hawley is the only insurance carrier litigating in the SDNY Action, and there is nothing
14 about the Southern District of New York in this instance which makes it a more capable
15 venue than Napa County Superior Court. These facts alone demonstrate the merits of
16 limiting Glass Fire litigation to the one forum where all interested parties are present.
17 Moreover, granting stay relief may result in duplicative discovery (at significant cost to
18 Spring Mountain and Mt. Hawley) and inconsistent judgments. And, neither the Napa

---

[8] The *Curtis* factors overlap the factors created by the *In re Tucson* court, and some bankruptcy courts have considered both lists when assessing cause. *See In re Bussmann*, 2021 Bankr. LEXIS 2726, at *7 (Bankr. D. Ore. Sept. 30, 2021). The *Tucson* factors are: (1) the effect on the efficient administration of the estate if a court recommends abstention; (2) the extent state law issues predominant over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable law; (4) the presence of a related proceeding commenced in a non-bankruptcy court; (5) the jurisdictional basis if any other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters; (9) the burden of the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping; (11) the existence of a right to a jury trial; and (12) the presence of non-debtor parties. *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1167 (9th Cir. 1990). Most of these factors are inapplicable due to the lack of a substantive dispute between Mt. Hawley and Spring Mountain in this court, and this court believes that consideration of the *Curtis* factors is sufficient to determine cause.

County nor SDNY Action is ready for trial.  Finally, while Mt. Hawley suggests that the parties could coordinate the discovery they conduct in both venues and although it is conceivable that the parties could by motion or otherwise stay one of these actions for the other[9], there is no need to subject judicial economy to these vagaries.

Mt. Hawley also contends that the Napa County Action's judicial economies could be completely upended if that court reconsiders its August 18th order or if the order is reversed on appeal.  It further argues that Spring Mountain's "inevitable" objection to its proof of claim will throw a judicial monkey wrench into this court's decision to only allow the Napa Acton to proceed.  These predictions may indeed come to fruition, but this court can only rely on the evidence before it.  Accordingly,

**IT IS HEREBY ORDERED** that the Motion is denied.

***END OF ORDER***

---

[9] Spring Mountain had a second motion to stay the SDNY Action pending when it filed its Chapter 11 case.

Case No. 22-10381 CN

**COURT SERVICE LIST**

Spring Mountain Vineyard Inc.
2805 Spring Mountain Road
St. Helena, CA 94574

Kevin A. Krakora
Getzler Henrich & Associates LLC
150 S. Wacker Drive, 24th Floor
Chicago, IL 60606

Michael D. Prough on behalf of Interested Party Mt. Hawley Insurance Company
Prough Law, APC
1550 Parkside Dr., Ste. 200
Walnut Creek, CA 94596

Other recipients are ECF participants

- 8 -

# Notice Recipients

| | | |
|---|---|---|
| District/Off: 0971−1 | User: admin | Date Created: 3/20/2023 |
| Case: 22−10381 | Form ID: pdfeoc | Total: 3 |

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

| | | | | |
|---|---|---|---|---|
| db | Spring Mountain Vineyard Inc. | 2805 Spring Mountain Road | St. Helena, CA 94574 | |
| rspi | Kevin A. Krakora | Getzler Henrich & Associates LLC | 150 S. Wacker Drive, 24th Floor | Chicago, IL 60606 |
| aty | Michael D. Prough | Prough Law, APC | 1550 Parkside Dr., Ste. 200 | Walnut Creek, CA 94596 |

TOTAL: 3